UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- X
EVELIN OCAMPO, individually and
on behalf of all similarly situated,    :

        Plaintiff,    :

        Case No.  2:23-cv-2422

  -against-    :

        **NOTICE OF REMOVAL**

TRS RECOVERY SERVICES, INC.    :

        Defendant.    :
---------------------------------------------------- X

    Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant TRS Recovery Services, Inc. ("TRS") removes to this Court the state court action styled *Evelin Ocampo, individually and on behalf of all similarly situated, Plaintiff, v. TRS Recovery Services, Inc.*, Case No. 603150/2023, Nassau County Supreme Court, New York (the "State Court Action").  The grounds for removal are as follows:

**I.**     **The State Court Action**

    1.     The State Court Action is a civil case filed by Plaintiff on February 23, 2023, asserting that Defendant TRS violated two provisions of the Fair Debt Collections Practices Act (the "FDCPA").  The State Court Action included a demand for a jury trial.  TRS was served via its registered agent, TRS Recovery Services, Inc. c/o Corporation Service Company, 80 State Street, Albany, New York 12207 on February 27, 2023.

**II.**     **Documents from the State Court Action**

    2.     Pursuant to 28 U.S.C. § 1446(a), TRS includes as **Exhibit 1** a true and correct copy of all process, pleadings, and other orders served on it in the State Court Action, which consist of copies of the Complaint and Summons.

### III. Removal is Timely

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of service of the Complaint. Specifically, the Complaint was served upon TRS on February 27, 2023. Therefore, thirty (30) days thereafter is March 29, 2023.

### IV. Consent to Removal

4. TRS is the only named Defendant in this action.

### V. The Venue Requirement is Satisfied

5. The venue requirement is met under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division encompassing the location where the State Court Action has been pending.

### VI. Jurisdiction

6. Pursuant to 28 U.S.C. § 1441, removal of an action from state to federal court is permitted when the federal court has "original jurisdiction" over the action. When a federal cause of action is presented on the face of the plaintiff's complaint, the action is properly removable. *Gully v. First National Bank*, 299 U.S. 109 (1936). Pursuant to the Complaint, this action alleges a claim under the federal FDCPA. Thus, as this action raises a federal question, this Court has original jurisdiction under 28 U.S.C. § 1331, and, thus, this action is properly removable under 28 U.S.C. § 1441.

### VII. Non-Waiver of Defenses

7. By removing this action, TRS does not waive any available defenses and does not admit any allegations made in Plaintiff's Complaint.

**VIII. Filing and Service of Removal Papers**

8. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of the State Court Action will be given to Plaintiff and a Notice to Clerk of Filing of Notice of Removal will be filed in the State Court Action.

9. This action is not an action described in 28 U.S.C. § 1445.

**WHEREFORE,** TRS removes the above-captioned State Court Action from the Nassau County Supreme Court in New York to this Court.

Dated this 29th day of March, 2023.

        Respectfully submitted,

        *s/ Joseph B. Crace, Jr.*
        Joseph B. Crace, Jr. (Bar No. JC6557)
        BASS, BERRY & SIMS PLC
        150 Third Avenue South, Suite 2800
        Nashville, Tennessee 37201
        Telephone: (615) 742-6200
        Facsimile: (615) 742-6293
        jcrace@bassberry.com

        *Counsel for Defendant*
        *TRS Recovery Services, Inc.*